FILED IN OFFICE
SEP 11 2014
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

MICHAEL J. BAZEMORE,           )
                               )
    Plaintiff,                 )
                               )   CIVIL ACTION
vs.                            )   FILE NO. 2014CV251337
                               )
U.S. BANK, N.A.,               )
                               )
    Defendant.                 )

## COMPLAINT

COMES NOW the Plaintiff, MICHAEL J. BAZEMORE, and hereby files this, Plaintiff's Complaint against the Defendant, U.S. BANK, N.A., respectfully showing this Honorable Court as follows:

### THE PARTIES

1.

Plaintiff MICHAEL J. BAZEMORE is and was at all times material hereto a resident of Fulton County, Georgia and the current owner of record of the residential real property identified herein infra.

2.

Defendant U.S. BANK, N.A. ("USB") is and was at all times material hereto a is a corporate entity organized and duly existing pursuant to the laws of the State of Delaware and doing business in Fulton County, Georgia. USB has unlawfully commenced foreclosure proceedings against Plaintiff's Property, and Plaintiff seeks to enjoin said foreclosure sale in view, and as a consequence, of same.

3.



EXHIBIT B

The residential real property that is the subject of this action (the "Property") is located at 2554 Laquanda Court, Atlanta, Georgia 30331 and is legally described as:

> All that tract or parcel of land lying and being in Land Lot 95 of the 14th FF District, Fulton County, Georgia, being Lot 158, Barrington Trace Subdivision, Phase I, as per plat recorded in Plat Book 242, page 104-108, Fulton County, Georgia, Records, which recorded plat is incorporated herein by this reference and made a part of this description. Said property known as 2554 Laquanda Ct according to the presently system of numbering property in Fulton County, Georgia.

## JURISDICTION AND VENUE

4.

Jurisdiction and venue of this matter are proper inasmuch as the Property is situated in Fulton County, Georgia and each of the transactions and events that are the subject matter of this Complaint occurred therein.

## STATEMENT OF THE FACTS

5.

On November 14, 2009, Plaintiff executed a Promissory Note ("Note") in exchange for a loan from U.S. Bank, N.A. ("USB") in order to refinance the Property described supra at 2554 Laquanda Court, Atlanta, Georgia 30331.

6.

The Note evidencing the alleged indebtedness was secured by a Security Deed using the "GEORGIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT form. MERS was designated solely as the nominee for U.S. Bank, its successors and assigns, as well as the "grantee" under the Security Deed.

7.

On information and belief, after USB closed the loan, USB sold or otherwise transferred the Note and its beneficial interest in Plaintiff's Security Deed to Federal National Mortgage Association ("Fannie Mae"), and Fannie Mae became the creditor to whom the alleged underlying debt was owed.

8.

However, although Fannie Mae succeeded USB as the holder of Plaintiff's Note and Security Deed, USB nevertheless temporarily remained as the loan servicer, allegedly retaining the right to collect payments and perform all other mortgage loan servicing functions authorized by the Security Deed.

9.

Amid numerous, well-publicized fraud, robo-signing, forgery, SEC violations and various other crimes with which USB and others had been recently charged, Plaintiff became suspicious with regard to the accounting and identity of the rightful owner of his loan.

10.

Consequently, beginning on or about October 12, 2010, Plaintiff made multiple requests to USB for a true and accurate accounting of the loan, the identity of the secured creditor on his loan and verification of the alleged debt, pursuant to the Real Estate Settlement and Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f), and other applicable state and federal laws. Plaintiff also requested a payoff amount on the loan. Despite receipt of Plaintiff's requests, however, USB failed to respond to Plaintiff's requests in a timely manner or at all.

11.

On April 14, 2014, MERS allegedly assigned all right, title and beneficial interest in and to the Security Deed to U.S. Bank. U.S. Bank failed, however, to notify Plaintiff of the transfer and that it was the new owner within thirty (30) days thereof.

12.

On or about September 2, 2014, USB initiated foreclosure proceedings against the Plaintiff, and attorneys for USB advised that USB had declared the loan in default, and that the entire amount of the outstanding balance of principal and interest of the loan had been declared by USB to be due and payable.

13.

Paragraph 22 of Plaintiff's Security Deed, however, set forth pre-acceleration requirements, including a requirement that USB give Plaintiff thirty days' notice and an opportunity to cure the default prior to acceleration of the loan debt or the commencement of foreclosure proceedings:

> **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument.... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in this notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.

14.

USB has never provided Plaintiff with proper notice of (a) the alleged default; (b) the action required to cure the alleged default; (c) a date by which the alleged default had to be cured; or (d) that failure to cure the default on or before the date specified in the notice could result in acceleration of the sums secured by the Security Deed and sale of the Property.

15.

Furthermore, USB failed to inform Plaintiff of the right to reinstate after acceleration or the right to bring a court action to assert the non-existence of a default or any other defense of Plaintiff to acceleration and sale.

16.

USB merely provided Plaintiff with notice of acceleration, and not with notice of USB's *intent* to accelerate.

17.

The Foreclosure Notice sent by USB thus clearly failed to comply with Paragraph 22 of the Security Deed, which, again, required USB to give Plaintiff a notice — *before* acceleration — that it was considering an acceleration, upon the failure of certain conditions, in "not less than 30 days" following the date of the notice.

> In other words, the debt could not be accelerated until at least 30 days had passed and the [Plaintiff] was still in default. Under the language of this [Security Deed], without proper notice of intent to accelerate, acceleration fails and, consequently, so does the foreclosure sale." The acceleration letter is just that — a notice that the debt *had been accelerated,* not a notice of intent to accelerate. The only option it contemplates is payment of the entire debt, an approach in direct contravention of paragraph 22.

Jackson v. Wells Fargo Bank, N.A., 90 So. 3d 168, 173 (Ala. S. Ct. 2012); see also Ogden v. Gibraltar Savings Ass'n, 640 S.W.2d 232 (Tex.1982).

18.

USB wrongfully continues to pursue its foreclosure efforts against the Plaintiff and to illegally gain possession of his home. USB has scheduled a foreclosure sale of Plaintiff's Property for Tuesday, October 7, 2014.

19.

Plaintiff seeks to enjoin USB from continuing with the October 7, 2014 foreclosure sale in order to preserve the status quo.

## COUNT ONE:
## DECLARATORY RELIEF

20.

Plaintiff hereby re-alleges and incorporates by reference each and every allegation above, as if fully set forth verbatim herein.

21.

This is an action for declaratory relief, seeking an affirmative declaration of the parties' rights.

22.

Pursuant to O.C.G.A. § 9-4-2, this Court has the power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed, and notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies.

23.

USB did not comply with the terms of the Security Deed, as it did not provide proper notice of acceleration, specifying: (i) the default; (ii) the action required to cure the default; (iii) a date by which the default must be cured; (iv) that failure to cure the default on or before the date specified in the notice could result in acceleration of the sums secured by the Security Deed and

sale of the Property; and (v) that Plaintiff had the right to reinstate after acceleration or the right to bring a court action to assert the non-existence of a default or any other defense of Plaintiff to acceleration and sale.

24.

As compliance with these requirements was a condition precedent to the initiation of foreclosure proceedings of Plaintiff's home, the Plaintiff is in doubt and uncertain as to his rights and relations under the alleged mortgage loan contract. Additionally, USB's failure to respond to Plaintiff's multiple requests for a true and accurate accounting of his loan, including a payoff quote, and the identity of the secured creditor on his loan, has also caused Plaintiff uncertainty and doubt. Further still, USB did not notify Plaintiff of the alleged transfer by MERS on April 14, 2012, and that it was the alleged new owner within thirty (30) days thereof.

25.

Plaintiff's legal rights and relations with respect to said mortgage loan have apparently been altered by the actions of USB, and Plaintiff is legally entitled to declaratory relief in order to have said doubt and uncertainty removed.

26.

Plaintiff seeks an affirmative declaration (i) that USB did not provide Plaintiff with proper notice of default and acceleration prior to acceleration of the debt; (ii) that, consequently, USB did not comply with the clear and unambiguous language contained in the parties' contract; (iii) that USB's compliance with the contract, requiring proper notice of default and acceleration, was a condition precedent to USB's commencement of foreclosure proceedings; (iv) that USB breached this obligation and prematurely commenced foreclosure proceedings against the Plaintiff; and that USB did not notify Plaintiff of the alleged transfer by MERS on April 14,

2012, and that it was the alleged new owner within thirty (30) days thereof.

27.

Plaintiff is entitled to further relief pursuant to this action for Declaratory Relief, and Plaintiff hereby asserts such further relief by way of Count Two, as set forth below. Said relief is being asserted as necessary and proper to preserve the status quo during the pendency and through the full disposition of the merits of this proceeding.

## COUNT TWO:
## REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

28.

Plaintiff hereby re-alleges and incorporates by reference each and every allegation above, as if fully set forth verbatim herein.

29.

This is an action for emergency temporary and permanent injunctive relief brought pursuant to O.C.G.A §§ 9-5-1 and 9-4-3(b), and on an emergency basis without notice pursuant to O.C.G.A. § 9-11-65(b).

30.

O.C.G.A. § 9-5-1 expressly provides, in pertinent part, that:

> Equity, by a writ of injunction, may restrain proceedings in another or the same court, or any...act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law.

31.

Further, according to § 9-4-3(b):

> The court, in order to maintain the status quo pending the adjudication of the questions or to preserve equitable rights, may grant injunction and other interlocutory extraordinary relief...

32.

On October 7, 2014, USB unlawfully intends to foreclose on Plaintiff's Property and to illegally gain possession of same.

33.

USB's actions thus constitute actions in violations of Plaintiff's legal rights, and if not restrained by Order of this Court, constitute actions certain to cause Plaintiff to suffer irreparable immediate and irreparable injury, loss and damage.

34.

Plaintiff has a clear legal right to seek injunctive relief inasmuch as Plaintiff is the lawful owner of the subject Property, and USB is seeking, without evidence that it lawfully accrued the right to accelerate the debt and conduct a foreclosure sale of Plaintiff's Property, to unlawfully take foreclose, take possession, custody and/or control of Plaintiff's Property and to market and sell the Property.

35.

Plaintiff has no adequate remedy at law to redress the harm complained of, and the attempted sale of the Plaintiff's Property, under the circumstances of record, is contrary to law, equity, justice and good conscience in that said sale is being conducted by a party, USB, who has no legal authority to institute or maintain the foreclosure.

36.

Insofar as USB has failed to establish any basis upon which USB has any legal authority to institute or maintain foreclosure proceedings against the Plaintiff, the harm which the Plaintiff will suffer if the requested relief is not granted far outweighs any harm which might result to USB.

37.

A preliminary injunction should issue so that, at minimum, Plaintiff can conduct reasonable discovery into relevant events and transactions.

38.

The relief requested herein is entirely consistent with public policy inasmuch as the consuming public, including Plaintiff, will continue to be harmed by USB's unlawful conduct if said relief is not granted.

39.

Further, and inasmuch as USB has failed to establish lawful authority to pursue a foreclosure of Plaintiff's mortgage loan, Plaintiff has a substantial likelihood of success on the merits.

40.

Under the circumstances, there would, therefore, be no harm to USB by the granting of the requested relief, and no bond should be required of Plaintiff as a prerequisite to the granting of the relief requested herein. There are no sums which Plaintiff admits are due.

## COUNT THREE: BREACH OF CONTRACT

41.

Plaintiff hereby re-alleges and incorporates by reference each and every allegation above, as if fully set forth verbatim herein.

42.

Plaintiff shows that the subject loan is subject to the notice requirements provided by the contract. These requirements include a requirement of proper notice of default and acceleration, specifying: (i) the default; (ii) the action required to cure the default; (iii) a date by which the

default must be cured; (iv) that failure to cure the default on or before the date specified in the notice could result in acceleration of the sums secured by the Security Deed and sale of the Property; or (v) that Plaintiff had the right to reinstate after acceleration or the right to bring a court action to assert the non-existence of a default or any other defense of Plaintiff to acceleration and sale, which is incorporated herein by reference.

43.

Plaintiff shows that USB breached this obligation and prematurely accelerated the debt and initiated foreclosure proceedings against Plaintiff's Property by failing to provide adequate notice of default and acceleration to Plaintiff and by failing to make any effort whatsoever to provide said notice to Plaintiff.

44.

Rather, USB accelerated the debt, without prior notice to the Plaintiff, and commenced foreclosure proceedings, despite the clear and unambiguous language in the Security Deed expressing the intent of the parties that the rights of acceleration and foreclosure do not accrue under the Security Deed until prior notice of default and acceleration are provided to Plaintiff.

45.

Plaintiff has suffered mental anguish, emotional pain and suffering and damage to his credit and reputation as a result of USB's breach of the parties' contract. Plaintiff is entitled to recover damages in an amount to be proven at trial.

### VIOLATION OF THE TRUTH IN LENDING ACT
### 15 U.S.C. 1641(g) and 12 C.F.R. § 226.39

46.

Plaintiff hereby re-alleges and incorporates by reference each and every allegation above, as if fully set forth verbatim herein.

47.

Plaintiff is a consumer and the alleged debt obligation between Plaintiff and USB is a "mortgage loan" as that term is defined by TILA in 12 C.F.R. § 226.39. In other words, the alleged debt obligation between Plaintiff and USB is a consumer credit transaction secured by Plaintiff's principal dwelling – 2554 Laquanda Court in Atlanta, Georgia.

48.

USB is a "covered person" as that term is defined by TILA in 12 C.F.R. § 226.39, insofar as USB allegedly became the owner of Plaintiff's mortgage loan by assignment on April 14, 2014.

49.

USB failed to notify Plaintiff of the mortgage transfer to USB by MERS within thirty days, as TILA requires.

50.

As a result of USB's breach of TILA's disclosure requirements, Plaintiff is entitled to actual and statutory damages, attorney's fees and court costs. Plaintiff has suffered damage to his credit reputation as well as mental pain and aggravation as a proximate result of USB's TILA violations.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all matters so triable as a matter of right.

WHEREFORE, Plaintiff prays:

(a) That Plaintiff's Complaint be accepted and filed;

(b) That USB be enjoined from conducting a foreclosure sale of Plaintiff's Property;

(c) That Plaintiff be granted a trial by jury on all issues so triable;

(d) For such other and further relief as the Court deems necessary and just.

This 11th day of September, 2014.

Respectfully submitted,

_____
NATALIE R. ROWLAND
Ga. Bar No. 431608
Attorney for Plaintiff

3128 Clairmont Road NE
Atlanta, Georgia 30329
(770) 217-7828
(770) 217-7544 (fax)

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

MICHAEL J. BAZEMORE,            )
                                )
        Plaintiff,              )
                                )   CIVIL ACTION
vs.                             )   FILE NO.
                                )
U.S. BANK, N.A.,                )
                                )
        Defendant.              )

## SUMMONS

TO THE ABOVE DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

NATALIE R. ROWLAND
3128 Clairmont Road NE
Atlanta, Georgia 30329

an Answer to the Complaint, which is herewith served upon you, within 30 days after the service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___11___ day of __September__, 2014.

Clerk of Superior Court

_____
Clerk

## General Civil Case Filing Information Form (Non-Domestic)

Court ✓ Superior  ☐ State

County **FULTON**

Docket # **2014CV251337**

Date Filed **09-11-2014** (MM-DD-YYYY)

**Plaintiff(s)**
BREMORE MICHAEL J.
Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

**Defendant(s)**
U.S. Bank, N.A.
Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

No. of Plaintiffs **1**

No. of Defendants **1**

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

Rowland   Natalie   R.
Last   First   Middle I.   Suffix

Bar # **431608**

FILED IN OFF.
SEP 11 2014
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### Check Primary Type (Check only ONE)

- ☐ Contract/Account
- ☐ Wills/Estate
- ☒ Real Property
- ☐ Dispossessory/Distress
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgment Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☐ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify _____

### If Tort is Case Type: (Check no more than TWO)

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☐ Other Specify _____

Are Punitive Damages Pleaded? ☐ Yes ☐ No



# AFFIDAVIT OF SERVICE



| | | |
|---|---|---|
| State of Georgia | County of Fulton | Superior Court |

Case Number: 2014CV251337

Plaintiff:
**MICHAEL J BAZEMORE**

vs.

Defendant:
**U.S. BANK, N.A.**

For:
Natalie R. Rowland, ESQ.
3128 Clairmont Road Ne
Atlanta, GA 30329



FILED IN OFFICE
SEP 24 2014
DEPUTY CLERK SUPERIOR COURT
FULTON CO. GA.

Received by MIDWEST LEGAL NETWORK, INC. to be served on **U.S. BANK, N.A., 800 NICOLETT MALL, 21ST FLOOR, MINNEAPOLIS, MN 55402**.

I, JIM SUTCLIFFE, being duly sworn, depose and say that on the **15th day of September, 2014** at **1:33 pm**, I:

served a **CORPORATION** by delivering a true copy of the **Summons & Complaint** with the date and hour of service endorsed thereon by me, to: **DARLA LEHMANN** as **ADMINISTRATOR ASSISTANT** for **U.S. BANK, N.A.**, at the address of: **800 NICOLLET MALL, 21ST FLOOR, MINNEAPOLIS,MN, MN 55402**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action.

Subscribed and Sworn to before me on the 16th day of September, 2014.

NOTARY PUBLIC

Anna Sutcliffe
NOTARY PUBLIC
State of Minneasota
My Commission Expires 1-31-20__

JIM SUTCLIFFE
Process Server

MIDWEST LEGAL NETWORK, INC.
5100 WEST 36TH STREET, #16612
Minneapolis, MN 55416-2879
(952) 374-7702

Our Job Serial Number: MLN-2014000706

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m