**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL J. BAZEMORE, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:14-cv-03310-AT-LTW |
| v. | ) | |
| | ) | |
| U.S. BANK, N.A., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

<u>**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**</u>

Plaintiff MICHAEL J. BAZEMORE ("Plaintiff") and Defendant U.S. Bank, N.A. ("Defendant") file the foregoing Joint Preliminary Report and Discovery Plan.

**1.    <u>Description Of Case:</u>**

**(a)    Describe briefly the nature of this action.**

This is an action challenging an attempted nonjudicial foreclosure sale.

**(b)    Summarize, in the space provided below, the facts of this case.   The summary should not be argumentative nor recite evidence.**

**Plaintiff's Response:**   On November 14, 2009, Plaintiff Michael J. Bazemore ("Plaintiff") obtained a residential mortgage loan from U.S. Bank, N.A. ("Defendant") and executed a Promissory Note in favor of same.  Repayment of the Note was secured by the grant of a Security Deed to Mortgage Electronic Registration Systems, Inc. ("MERS") on the same date.  After closing the loan, Defendant sold or otherwise transferred its beneficial interest in the Note and Security Deed.  Defendant, however, remained the entity responsible for servicing the loan.

Subsequently, Plaintiff became suspicious with regard to the accounting and identity of the rightful owner of his loan, and beginning on or about October 12, 2010, Plaintiff made multiple requests to Defendant for a true and accurate accounting of the loan, the identity of the secured creditor on his loan and verification of the alleged debt, pursuant to the Real Estate Settlement and Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f), and other applicable state and federal laws.  Plaintiff also requested a payoff amount on the loan.  Despite receipt of Plaintiff's requests, however, Defendant failed to respond to Plaintiff's requests in a timely manner or at all.

Then, on April 14, 2014, MERS allegedly assigned all right, title and beneficial interest in and to the Security Deed to Defendant.  Defendant failed,

however, to notify Plaintiff of the transfer, and that it was the new owner within thirty (30) days thereof.   Defendant eventually accelerated the loan debt and commenced foreclosure proceedings against the Property on or about September 2, 2014.   Prior to accelerating the debt, however, Defendant failed to provide the Plaintiff with notice pursuant to Paragraph 22 of the Security Deed, requiring Defendant to advise Plaintiff, among other things, that he was in default, and also to provide Plaintiff with a date, not less than 30 days from the date notice was given, by which the default was required to be cured; and that failure to cure the default on or before the date specified in the notice could result in acceleration of the sums secured by the Security Deed and a sale of the Property.

**Defendant's Response:**  Plaintiff failed to meet her payment obligations under the Note and Security Deed securing the property in question which resulted in a default.  Plaintiff failed to cure the default and U.S. Bank initiated foreclosure proceedings pursuant to the terms of the Note, Security Deed, and Georgia law. U.S. Bank sent Plaintiff all required notices of default and foreclosure and conducted the foreclosure sale as required by law.

**(c)**    **The legal issues to be tried are as follows:**

**Plaintiff:**    (1) Whether Plaintiff is entitled to declaratory relief.

(2) Whether Plaintiff is entitled to injunctive relief.

(3) Whether Defendant complied with the notice provisions of

the Security Deed.

(4) Whether Defendant complied with the notice provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. 1641(g) and 12 C.F.R. § 226.39.

(5) Whether Plaintiff is entitled to damages.

(6) Whether Plaintiff is entitled to attorney's fees and costs of litigation.

**Defendant:** Whether Defendant met its obligations under the Note, Security Deed, and Georgia and federal law with respect to the foreclosure proceedings initiated after Plaintiff's default.

**The cases listed below (include both style and action number) are:**

      **(1)   Pending Related Cases:**

         None.

      **(2)   Previously Adjudicated Related Cases:**

         None.

**2.    <u>This case is complex because it possesses one (1) or more of the features listed below (please check):</u>**

    \_\_\_\_\_**(1)   Unusually large number of parties.**

    \_\_\_\_\_**(2)   Unusually large number of claims or defenses.**

- 4 -

_____(3)    **Factual issues are exceptionally complex.**

_____(4)    **Greater than normal volume of evidence.**

_____(5)    **Extended discovery period is needed.**

_____(6)    **Problems locating or preserving evidence.**

_____(7)    **Pending   parallel   investigations   or   action   by government.**

_____(8)    **Multiple use of experts.**

_____(9)    **Need for discovery outside United States boundaries.**

_____(10)   **Existence of highly technical issues and proof.**

The parties do not contend that this case is complex.

3.    **Counsel:**

**The  following  individually-named  attorneys  are  hereby  designated  as lead counsel for the parties:**

       **Plaintiff:**

          Natalie R. Rowland
          5555 Glenridge Connector
          Suite 200
          Atlanta, Georgia 30342
          (770) 217-7828
          (770) 217-7544 (FAX)
          nrowland@rowland-law.com

**Defendant:**

> D. Lee Clayton
> Swift, Currie, McGhee & Hiers, LLP
> 1355 Peachtree Street, N.E., Suite 300
> Atlanta, Georgia 30309-3238
> Ph:    404-888-6168
> Fax:   404-888-6199
> lee.clayton@swiftcurrie.com

**4.    Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

> **___ Yes          _X_ No**

**If "Yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.    Parties To This Action:**

**(a)    The following persons are necessary parties who have not been joined:**

> None.

**(b)    The following persons are improperly joined as parties:**

> None.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)     The parties shall have the continuing duty to inform the Court of any intentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.     **Amendments To The Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure.   Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

Plaintiff anticipates the filing of an amendment to allege that subsequent to the closing of the loan, Defendant sold or transferred its beneficial interest in the Note and Security Deed to Federal Home Loan Mortgage Corporation ("Freddie Mac"), and not Fannie Mae, as presently

alleged by the Plaintiff.  Plaintiff reserves the right to further amend the complaint as necessary, within the time period specified by the Local Rules.

(b)    **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7.    **Filing Times For Motions:**

**All motions should be filed as soon as possible.  The Local Rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).**

(a)    **Motions to Compel:  before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.**

(b)    **Summary Judgment Motions:  within thirty (30) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.**

   **(c)** **Other Limited Motions:** refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions and motions for consideration.

   **(d)** **Motions Objecting to Expert Testimony:** **Daubert** motions with regard to expert testimony no later than date that the proposed pretrial order is submitted.

  **8.** **Initial Disclosures:**

  The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the part and the basis for the party's objection.

  **9.** **Request for Scheduling Conference:**

  Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the positions of each party.

  The parties do not request a scheduling conference.

  **10.** **Discovery Period:**

  The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint. As stated in Local Rule

**26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period; (b) four (4)-months discovery period; and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**Plaintiff:**   Liability of Defendant for breach of contract and violation of TILA, 15 U.S.C. 1641(g) and 12 C.F.R. § 226.39.

**Defendant:** U.S. Bank anticipates discovery on Plaintiff's claims as outlined in the Complaint.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

At this time the parties do not anticipate additional discovery time will be required.

**11.    Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

**13.    Settlement Potential:**

**(a)    Lead counsel for the parties certify by their natures below that they met in person at an early planning conference that was held on October 2, 2013, and that they participated in subsequent settlement discussions, as required by LR 16.1.   Other persons who participated in the settlement discussions are listed according to party.**

   **For Plaintiff:    Lead Counsel:**   _s/Natalie R. Rowland_____

          **Other Participants:**  None

   **For Defendant:    Lead Counsel :**   _s/D. Lee Clayton_____

          **Other Participants:**     None

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   \_\_\_\_\_   A possibility of settlement before discovery.

   <u>X</u>\_\_\_\_   A possibility of settlement after discovery.

   \_\_\_\_\_   A possibility of settlement, but a conference with the Judge is needed.

   \_\_\_\_\_   No possibility of settlement.

(c)     Counsel (\_\_) do (\_**x**\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is unknown at this time.

(d)     The following specific problems have created a hindrance to settlement of this case:

  None.

**14.     <u>Trial By Magistrate Judge</u>:**

  **Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

   (a)     The parties ( ) do consent to having this case tried before a Magistrate Judge of this Court.

**(b)** **The parties (x) do not consent to having this case tried before a Magistrate Judge of this Court.**

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     */s/ D. Lee Clayton*_____
   K. Marc Barré, Jr.
   Georgia Bar No. 039555
   D. Lee Clayton
   Georgia State Bar No. 601004
   *Attorneys for Defendant*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 (ph)
Marc.Barre@swiftcurrie.com
Lee.Clayton@swiftcurrie.com

By:     */s/Natalie R. Rowland*_____
   Natalie R. Rowland *(with express permission)*
   Georgia Bar No. 431608
   *Attorney for Plaintiff*

3128 Clairmont Road NE
Atlanta, Georgia 30329
(770) 217-7828
(770) 217-7544 (FAX)
nrowland@rowland-law.com

## <u>7.1 CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1D of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to L.R. 5.1(C).

This 19th day of November, 2014.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   */s/ D. Lee Clayton*
      K. Marc Barré, Jr.
      Georgia Bar No. 039555
      D. Lee Clayton
      Georgia State Bar No. 601004
      ***Attorneys for Defendant***

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 (ph)
Marc.Barre@swiftcurrie.com
Lee.Clayton@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** upon all parties to this matter via this Court's CM/ECF system and by depositing a true copy of same in the U.S. Mail, addressed as follows:

Natalie R. Rowland, Esq.
5555 Glenridge Connector
Suite 200
Atlanta, Georgia 30342

This 19th day of November, 2014.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:    */s/ D. Lee Clayton*_____
K. Marc Barré, Jr.
Georgia Bar No. 039555
D. Lee Clayton
Georgia State Bar No. 601004
***Attorneys for Defendant***

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 (ph)
Marc.Barre@swiftcurrie.com
Lee.Clayton@swiftcurrie.com