# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL J. BAZEMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | FILE NO.: 1:14-CV-03310-AT-LTW |
| ) | |
| U.S. BANK, NA, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, MICHAEL J. BAZEMORE and VIVIAN R. BAZEMORE, by and through undersigned counsel, for their First Amended Complaint against Defendant U.S. Bank, N.A., plead as follows:

## THE PARTIES

1.

Plaintiffs, MICHAEL J. BAZEMORE and VIVIAN R. BAZEMORE, are and were at all times material hereto residents of Atlanta, Fulton County, Georgia.

2.

Defendant, U.S. BANK, N.A., is and was at all times material hereto a national banking association whose current principal place of business is at 800 Nicollet Mall, Minneapolis, Minnesota 55402.

## JURISDICTION AND VENUE

3.

On October 15, 2014, this case was removed from The Superior Court of Fulton County on the basis of federal question jurisdiction, and Plaintiffs concede that jurisdiction of this matter is proper in this Court pursuant to 28 U.S.C. § 1331. This is an action asserting, inter alia, violations of a federal statute commonly known as the Truth in Lending Act ("TILA") (15 U.S.C. § 1601, et seq.) and its implementing regulation, Regulation Z, 12 C.F.R. § 226, et seq.

4.

Venue is appropriate in this jurisdiction by virtue of the provisions of the removal statute.

## STATEMENT OF THE FACTS

5.

Plaintiffs are the owners of certain residential real property located at 2554 Laquanda Court, Atlanta, Georgia 30331 (the "Property"). The deed conveying the Property to the Plaintiffs was recorded on January 7, 2004 (Exhibit A).

6.

On November 9, 2009, in connection with a refinance of the Property, Plaintiffs executed a Promissory Note ("Note") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), in the amount of $414,516.00 (Exhibit B).

7.

On that same date, Plaintiffs executed a Security Deed conveying the Property as security for the Note (Exhibit C).

8.

The Security Deed was recorded on November 24, 2009 in the Fulton County Superior Court Clerk's Office.

9.

On its face, the Security Deed reflects that it was attested to by two witnesses, one of whom was a notary public, Gus L. Friedman ("Mr. Friedman").

10.

By his certificate, Mr. Friedman certifies that Plaintiffs executed the Security Deed, and that Edie K. Friedman witnessed Plaintiffs' execution of the Security Deed, in his presence.

11.

The only parties present to the closing, however, which took place at Plaintiffs' home, were Plaintiffs and an individual claiming to be Gus L. Friedman appearing at the behest of USB.

12.

Edie K. Friedman was not present, Plaintiffs do not know Edie K. Friedman, and Plaintiffs did not execute the Security Deed in Edie K. Friedman's presence at any time.

13.

On February 8, 2012, Plaintiffs informed USB, as servicer of Plaintiffs' loan, of their intention to rescind the loan pursuant to the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1635. Plaintiffs also communicated similar notices via additional correspondence with USB. (Exhibit D).

14.

USB did not timely respond to Plaintiffs' Notice of Rescission, however, and because Plaintiffs had exercised their right of rescission as to the mortgage loan, Plaintiffs ceased making payments under the loan after sending the Notice of Rescission.

15.

Shortly thereafter, USB began reporting to the credit bureaus that Plaintiffs were delinquent on the loan, but did not report that Plaintiffs had disputed the validity of the purported debt in question or the accuracy of the delinquency report.

16.

Additionally, beginning on or about October 9, 2010, Plaintiffs made multiple requests to USB for a true and accurate loan level accounting of the loan, the identity of the secured creditor on his loan and verification of the alleged debt, pursuant to the Real Estate Settlement and Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f), and other applicable state and federal laws.  Plaintiffs also requested a payoff amount on the loan.  (Exhibit E). Despite receipt of Plaintiffs' requests, however, USB failed to respond to Plaintiffs' requests in a timely manner or at all.

17.

On April 14, 2014, MERS executed a document purporting to assign the Security Deed to USB (Exhibit F).  Eventually, foreclosure proceedings were initiated in or around August of the same year (Exhibit G).

## COUNT I:
## DECLARATORY RELIEF

19.

Plaintiffs hereby re-allege and incorporate by reference each and every allegation above, as if fully set forth verbatim herein.

21.

This is an action for declaratory relief, seeking an affirmative declaration of the parties' rights.

22.

An actual controversy has arisen and now exists between Plaintiffs and USB concerning their respective rights and duties. Plaintiffs desire a judicial determination of their rights and duties.

23.

In February 2012, Plaintiffs rescinded the November 9, 2009 mortgage loan transaction. To date, USB has not taken any action to challenge the validity of Plaintiffs' Notice of Rescission.

24.

Specifically, USB has not complied in any manner with the requirements of 15 U.S.C. §1635.

25.

As a result of USB's failure to comply with the requirements of TILA, specifically 15 U.S.C. § 1635, Plaintiffs seek an affirmative declaration that Plaintiffs owe nothing on the November 9, 2009 loan as a direct operation of the law that canceled the note, deed and mortgage (TILA rescission). Plaintiffs seek an affirmative declaration regarding the legality of the notarization of the November 2009 refinance documents inasmuch as there was no additional witness present to the closing of the loan and as required pursuant to O.C.G.A. § 44-14-33.

26.

A judicial declaration is necessary and appropriate at this time and under these circumstances in order that Plaintiffs may legally enforce their rights and duties as it relates to the nullity of the note, deed and mortgage that occurs automatically, as a operation of the law, in accordance with the TILA rescission statutes.

## COUNT II:
## VIOLATION OF TILA 15 U.S.C. § 1635 AND REGUATION Z, 12 C.F.R. § 226.23

27.

Plaintiffs hereby re-allege and incorporate by reference each and every allegation above, as if fully set forth verbatim herein.

28.

Plaintiffs timely and properly rescinded the November 9, 2009 loan transaction on multiple occasions, most notably in February 2012.

29.

USB refused to honor this rescission within the twenty day statutory period required under TILA, 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23.

30.

Instead, USB began reporting to the credit bureaus that Plaintiffs were delinquent on the loan and threatened to foreclose on the Plaintiffs unless Plaintiffs paid on the rescinded loan transaction.

31.

The actions undertaken by USB constitute a violation of TILA, entitling Plaintiffs to actual and statutory damages for emotional distress, mental pain and aggravation, attorney's fees and court costs.

### COUNT III:
### VIOLATION OF TILA 15 U.S.C. § 1641(f), (g) and 12 C.F.R. § 226.39

32.

Plaintiffs hereby re-allege and incorporate by reference each and every allegation above, as if fully set forth verbatim herein.

33.

Plaintiffs are consumers and the alleged debt obligation between Plaintiff and USB is a "mortgage loan" as that term is defined by TILA in 12 C.F.R. § 226.39.  In other words, the alleged debt obligation between Plaintiff and USB is a consumer credit transaction secured by Plaintiffs' principal dwelling – 2554 Laquanda Court in Atlanta, Georgia.

34.

USB is a "covered person" as that term is defined by TILA in 12 C.F.R. § 226.39, insofar as USB allegedly became the owner of Plaintiff's mortgage loan by assignment on April 14, 2014.

35.

TILA requires that "[u]pon written request by the obligor, the servicer shall provide the obligor…with the name, address, and telephone number of the owner of the obligation."

36.

TILA also requires that "not later than 30 days after the date on which a mortgage loan is sold or otherwise is transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."

37.

In February 2011, Plaintiffs sent USB correspondence requesting the identity of the secured creditor of the subject loan in this case.

38.

To date, Plaintiffs have not received an adequate response to this question from USB.

39.

USB's failure to respond is a violation of TILA, entitling Plaintiffs to any and all operation of law remedies (judicial enforcement of automatic nullity of note, deed, mortgage) arising from their TILA rescission claim, including complete disgorgement inclusive of interest and penalties, actual and statutory damages, attorney's fees and court costs.

40.

Additionally, USB has taken the position that the subject loan had been transferred to it by MERS on April 14, 2014, and that USB is the current noteholder-transferee.

41.

To date, USB has failed to notify Plaintiffs of the date that the loan was allegedly transferred to it.

42.

This failure by USB also constitutes a violation of TILA, entitling Plaintiffs to actual and statutory damages, attorney's fees and court costs.

43.

The Plaintiffs respectfully petition the court for Equitable Tolling as it relates to any and all statute of limitations or associated deadlines associated with these pleadings.

This 18th day of March, 2015.

                               */s Natalie R. Rowland*
                               Natalie R. Rowland
                               Georgia Bar No. 431608
                               3128 Clairmont Road NE
                               Atlanta, Georgia 30329
                               (770) 217-7828 (P)
                               (770) 217-7544 (F)
                               nrowland@rowland-law.com
                               **ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATION**

The undersigned hereby certifies that the within and foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT** was prepared using Times New Roman 14-point font in accordance with LR 5.1(B).

This 18th day of March, 2015.

                                       */s Natalie R. Rowland*
                                       Natalie R. Rowland
                                       Georgia Bar No. 431608
                                       3128 Clairmont Road NE
                                       Atlanta, Georgia 30329
                                       (770) 217-7828 (P)
                                       (770) 217-7544 (F)
                                       nrowland@rowland-law.com
                                       **ATTORNEY FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2015, I electronically filed **PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

D. Lee Clayton
Swift, Currie McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309

*/s Natalie R. Rowland*
Natalie R. Rowland
Georgia Bar No. 431608
3128 Clairmont Road NE
Atlanta, Georgia 30329
(770) 217-7828 (P)
(770) 217-7544 (F)
nrowland@rowland-law.com
**ATTORNEY FOR PLAINTIFFS**