IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL J. BAZEMORE and
VIVIAN R. BAZEMORE,

       Plaintiffs,

v.

U.S. BANK, N.A.,

       Defendant.

CIVIL ACTION NO.
1:14-CV-3310-AT-LTW

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND  RECOMMENDATION

      Pending before this Court are Defendant U.S. Bank, N.A.'s ("Defendant") Motion for Judgment on the Pleadings (Doc. 22), and Plaintiffs Michael J. Bazemore and Vivian R. Bazemore's ("Plaintiffs") Motion for Leave to File Plaintiffs' Second Amended Complaint ("Motion to Amend," Doc. 31).  For the reasons outlined below, Plaintiffs' Motion to Amend is **DENIED** (Doc. 31), and this Court **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings be **GRANTED.** [1] (Doc. 22).

---

[1] Because the undersigned recommends that Plaintiffs' claims be dismissed, Plaintiffs' Motion for Partial Summary Judgment (Doc. 43), which is little more than a new proposed amended complaint reasserting the same causes of action previously alleged (and without any accompanying motion for leave to amend), and Defendant's Motion to Strike Plaintiffs' Improperly Filed Third Amended Complaint (Doc. 44) should both be **DENIED AS MOOT**.

**BACKGROUND**

**I.      Procedural Background and Plaintiffs' First Amended Complaint**

On September 11, 2014, Plaintiff Michael Bazemore, represented by counsel, filed a lawsuit against Defendant in Fulton County Superior Court. (Doc. 1-2). Plaintiff Michael Bazemore's Complaint asserted claims for declaratory relief; violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); and breach of contract. (Id.). After removing the case to this Court, Defendant answered the Complaint on October 22, 2014. (Doc. 3). On March 18, 2015, Plaintiff filed a Motion for Leave to File Plaintiff's First Amended Complaint and to Join Vivian R. Bazemore as a Party Plaintiff, which was unopposed by Defendant. (Doc. 16). After that motion was granted, the Amended Complaint was entered on May 11, 2015, and Defendant answered on May 26, 2015. (Docs. 20, 19). Plaintiffs again asserted claims for declaratory relief and violations of TILA, but did not renew their claim for breach of contract. (Doc. 20).

In their Amended Complaint, Plaintiffs assert claims in relation to residential property located at 2554 Laquanda Court, Atlanta, Georgia 30331 (the "Property"). (Am. Compl. ¶ 6). On November 13, 2009, Plaintiffs executed a promissory note (the "Note," Doc. 20-2) in favor of Defendant and a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Defendant (the "Deed," Doc. 20-3) in connection with a refinance of the loan associated with the Property.[2]

---

[2] "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment . . . . Public records are among the permissible facts that a district court may consider." Universal Express,

(Am. Compl. ¶¶ 6-7).  The Deed reflects that it was attested to by a notary public, Gus Friedman, and witnessed by Edie Friedman.  (Am. Compl. ¶¶ 9-10).  Plaintiffs allege, however, that Edie Friedman did not actually witness the execution of the Deed.  (Am. Compl. ¶ 12).

Plaintiffs assert that on February 8, 2012, they informed Defendant of their intention to rescind their loan pursuant to Section 1635 of TILA.  (Am. Compl. ¶ 13; Doc. 20-5 (communications with lender)).  Plaintiffs allege that Defendant did not respond to their rescission requests, but that they nevertheless stopped making loan payments pursuant to the requested rescission.  (Am. Compl. ¶ 14).  As a result of Plaintiffs' cessation of loan payments, Defendant allegedly reported Plaintiffs as delinquent to credit bureaus, but did not report that Plaintiffs disputed the debt and/or delinquency.  (Am. Compl. ¶ 15).

Additionally, Plaintiffs contend that starting around October 9, 2010, they made multiple requests of Defendant for a "true and accurate accounting of the loan, the identify of the secured creditor . . . and verification of the alleged debt" pursuant to TILA and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq.

---

Inc. v. Secs. and Exch. Comm'n., 177 F. App'x 52, 53 (11th Cir. 2006) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999) and Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.")); see also Woodberry v. Bank of Am., N.A., No. 1:11-CV-3637-TWT, 2012 WL 113658, at *1 (N.D. Ga. Jan. 12, 2012) (considering real estate records and assignment of security filed by defendants in support of motion to dismiss); Bandele v. Deutsche Bank Nat. Trust Co., No. 1:11-CV-4257-TWT, 2012 WL 1004990, at *1 (N.D. Ga. Mar. 22, 2012) (same).

3

("RESPA). (Am. Compl. ¶ 16; Doc. 20-5 (communications with lender)).

On April 14, 2014, MERS, as nominee for Defendant, assigned the Deed to Defendant, and Defendant began foreclosure proceedings. (Am. Compl. ¶ 17; Docs. 20-6 (assignment to Defendant), 20-7 (foreclosure notices)).

Plaintiffs first asserts a claim for declaratory judgment, alleging that because (1) there was allegedly no second witness to the execution of the Deed, and (2) because Defendant did not challenge Plaintiffs' notice of rescission or comply with the requirements of TILA Section 1935, the Note, Deed, and mortgage should all be declared null and void, and the Court should declare that Plaintiffs owe nothing on the loan, and/or that the Deed be declared unsecured. (Am. Compl. ¶¶ 19-26).

Plaintiffs next assert a claim directly under TILA Section 1635 and 12 C.F.R. § 226.23, alleging that because they timely rescinded the loan in February 2012, Defendant's reports to credit bureaus regarding purported delinquencies and threatened foreclosure constituted violations of TILA and the supporting regulations. (Am. Compl. ¶¶ 27-31).

Finally, Plaintiffs assert that Defendant violated TILA Sections 1641(f) & (g) and 12 C.F.R. § 226.39 when Defendant (1) failed to provide Plaintiffs with a response to their requests for the identity of the owner of their debt, and (2) failed to notify Plaintiffs of the assignment of the Deed from MERS to Defendant. (Am. Compl. ¶¶ 28-42).

Plaintiffs assert in the most general terms that the Court should apply "Equitable Tolling as it relates to any and all statute of limitations or associated deadlines," but offer

4

no allegations in support of that contention.  (Am. Compl. ¶ 43).

Soon after answering the Amended Complaint, Defendant filed a Motion for Judgment on the Pleadings, arguing Plaintiffs' claims were subject to dismissal.  (Doc. 22).  In particular, Defendant argues Plaintiffs' claim for declaratory judgment fails because (1) although they have contested that the Deed was in recordable format, they have not contested the validity of the contract as it pertains to the parties, and (2) they have not paid or tendered payment on the underlying mortgage loan.  (Doc. 22-1, pp. 5-8).  Next, Defendant argues Plaintiffs' TILA Section 1635 claim fails because they do not allege that Defendant failed to notify them of their right to rescind or otherwise allege facts supporting the contention that their alleged February 2012 rescission was valid.  (Id., pp. 8-9).  Third, Defendant contends that Plaintiffs' TILA Section 1641 claims fail (1) because TILA provides for a safe harbor from such notification requirements when it is done for administrative convenience of foreclosure, and (2) there was no transfer of the underlying debt, because Defendant at all times held the Note. (Id., pp. 9-11).  Finally, Defendant argues Plaintiffs' claims under TILA Section 1935[3] fail because of the one-year statute of limitations on damages.  (Doc. 22-1, pp. 11-15).

Plaintiffs filed a brief response in opposition to the Motion for Judgment on the Pleadings.  (Doc. 26).  Plaintiffs respond that the Deed is unsecured because it was not properly attested to under O.C.G.A. § 44-14-33, and seek a declaration of such.  (Id., 2-

---

[3] With the exception of the failure to notify Plaintiffs of the transfer from MERS to Defendant.

AO 72A
(Rev.8/82)

4). Next, Plaintiffs argue their TILA Section 1935 claims are timely, and that they do not need to allege that Defendant failed to provide them with notice of their right to rescind. (Id., pp. 4-6). Third, Plaintiffs contend without any real argument that their TILA Section 1641 claims should proceed. (Id., p. 7). Finally, Plaintiffs dispute in conclusory terms that the one-year statute of limitations operates to bar damages for violations of TILA Section 1635. (Id., p. 8).

## II.  **Plaintiffs' Motion to Amend**

Approximately three months after Defendant filed its Motion for Judgment on the Pleadings, Plaintiffs sought leave to file a Second Amended Complaint. (Doc. 31). The gist of the Second Amended Complaint remains the same, with the following additions. Plaintiffs allege Defendant failed to provide proof that it paid off Plaintiffs' prior mortgage loan for the Property with Mortgages On Site when Defendant refinanced their loan in November 2009, and failed to disclose that the Federal National Home Loan Corporation ("Freddie Mac") funded the November refinancing. (Sec. Am. Compl., Doc. 31-1, ¶ 13). Plaintiffs also allege that it was Defendant's failure to disclose this information that caused them to seek rescission of the loan on February 11, 2011.[4] (Sec. Am. Compl. ¶ 14).

Additionally, Plaintiffs assert that their declaratory judgment claim is bolstered because the funding of the refinance by Freddie Mac means the loan was "predatory per

---

[4] Plaintiffs' Amended Complaint alleges the rescission request was made in February 2012.

AO 72A
(Rev.8/82)

se," and because MERS being named as the grantee resulted in the Deed being null and void. (Sec. Am. Compl. ¶¶ 26-27).

Finally, Plaintiffs seek to assert a claim for fraud, alleging Defendant is not the secured creditor of their debt, and that by cashing mortgage payment checks, they fraudulently held themselves out as such. (Sec. Am. Compl. ¶¶ 46-53).

Defendant opposes Plaintiffs' Motion to Amend, arguing that it was unduly late and that the amendment is futile. (Doc. 36). In particular, Defendant contends that with regard to Plaintiffs' claim for declaratory judgment, Plaintiffs lack standing to challenge any assignment or transfer between Defendant and MERS and that any claim resulting from MERS role as grantee fails. (Id., pp. 11-13). Further, Defendant argues Plaintiffs' claim for fraud fails to meet the heightened pleading standards of Federal Rule of Civil Procedure 9. (Id., pp. 13-15).

## LEGAL ANALYSIS

### I.    Standard of Review

Under Subsections (c) and (h)(2)(B) of Federal Rule of Civil Procedure Rule 12, defendants who have answered a complaint may still challenge a plaintiff's pleadings on the basis that they fail to state a claim upon which relief may be granted. A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993)).

AO 72A
(Rev.8/82)

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of a plaintiff's complaint, there is a dispositive legal issue which precludes relief or it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). A motion to dismiss also tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim with sufficient specificity requires that the complaint have enough factual matter taken as true to suggest the required elements of the claim. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). Thus, the factual allegations must suggest a plausible right to relief, which requires more than the "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

8

Moreover, while there is a liberal standard of favoring amendments to allow the merits of the claim to be tested, there are multiple reasons for a court to deny leave to amend.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Halliburton & Assoc. v. Henderson, 774 F.2d 441, 443 (11th Cir. 1985) (a "substantial reason" is needed).  The following factors may serve as a basis to deny a motion to amend:  (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir.2001) (citing Foman, 371 U.S. at 182).  Futility means that the amended complaint would fail to state a claim upon which relief could be granted.  Rudolph v. Arthur Andersen & Co., 800 F.2d 1040, 1042 (11th Cir. 1986).  Thus, the same standard of legal sufficiency as applied under a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is used to determine futility.  Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996); see also Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law").

Defendant asserts that Plaintiffs' Amended Complaint should be dismissed and their Motion to Amend denied based on the futility of its claims.  Because the standard for dismissal and futility are the same, the Court will address Defendant's arguments for dismissal and for opposing amendment simultaneously.

## II.    Plaintiffs' Claim for Declaratory Relief

AO 72A
(Rev.8/82)

As discussed above, the gist of Plaintiffs' claim for declaratory judgment is that the their obligations to Defendant should be declared void and that Defendants should not be allowed foreclose on the property because (a) the Deed was improperly witnessed, (b) there was a faulty assignment of the Note and Deed associated with Property, and (c) Plaintiffs sought rescission under TILA. There are no allegations, however, that (1) Plaintiffs did not originally execute the Deed in favor of MERS[5] as nominee or grantee for Defendant, and the Deed reflects as much, or (2) that Plaintiffs paid or offered to tender payment of their debt owed in relation to the Property. (Doc. 20-3, 31-4).

---

[5] By way of background on MERS, the Georgia Supreme Court has noted that "MERS currently has over 15 million loans registered, and is registering over forty percent of all mortgage loans originating in the United States." Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 583 S.E.2d 844, 849 n. 1 (Ga. 2003). The role MERS plays in mortgage transactions is complicated, but the Georgia Supreme Court has explained that MERS:

> is a private company created by the mortgage banking industry for the purpose of establishing a centralized, electronic system for registering the assignments and sales of residential mortgages, with the goal being the elimination of costly paper work every time a mortgage loan is sold. Under the MERS system, the borrower and the original lender name MERS as the grantee of any instrument designed to secure the mortgage loan. The security instrument is then recorded in the local land records, and the original lender registers the original loan on MERS's electronic system. Thereafter, all sales or assignments of the mortgage loan are accomplished electronically under the MERS system.

Id.; see also Kabir v. Statebridge Co., LLC, No. 1:11-cv-2747-WSD, 2011 WL 4500050, at n.6 (N.D. Ga. Sept. 27, 2011) (citing Taylor, Bean & Whitaker Mortg. Corp. ).

AO 72A
(Rev.8/82)

Plaintiffs' primary contention in favor of declaratory judgment is that the purported unofficial witness to the execution of the Deed – Edie Friedman – was not actually present for its execution, and therefore the Deed was not properly attested to under O.C.G.A. § 44-14-33. However, contrary to Plaintiffs' arguments, this statutory requirement pertains only to whether the Deed is in recordable format. Under O.C.G.A. § 44-14-31, Georgia law is clear that "[n]o particular form is necessary to constitute a mortgage . . . [it need only] clearly indicate the creation of a lien and must specify the debt for which it is given and the property upon which it is to take effect." Accordingly, as between the parties, a mortgage – including the Note and Deed – are effective between the parties once the "property owner uses that property as security for his debt to another." Baxter v. Bayview Loan Servicing, LLC, 301 Ga. App. 577, 583, 688 S.E.2d 363, 368 (2009) (citing Cherokee Ins. Co. v. Gravitt, 187 Ga. App. 179, 182-183, 369 S.E.2d 779 (1988)); see also Hawes v. Glover, 126 Ga. 305, 305, 55 S.E. 62, 62, 67 (1906) ("A seal is not necessary to the validity of a mortgage, even upon real estate; and a mortgage is valid, as between the parties thereto, without any attesting witness, and without being recorded . . . A mortgage is good as between the parties without any attesting witness."). Thus, "while Georgia law requires that a mortgage be in a certain form to be recordable, it does not make the existence of a mortgage dependent upon whether it satisfies the legal requirements for recording." Baxter, 301 Ga. App. at 583, 688 S.E.2d at 368-69. Plaintiffs argument that the Deed is not recordable does not, therefore, impact whether the Deed is effective between the parties. Accordingly, the

11

fact that Plaintiffs' allege the Deed was not witnessed does not serve as a basis for declaratory judgment.[6]

In addition to challenging the execution of the Deed itself, Plaintiffs contend that the assignment by MERS back to Defendant is somehow deficient or fraudulent. Plaintiffs, however, were not parties to any of those assignments and therefore do not have the legal standing to challenge the validity of those assignments. See Montgomery v. Bank of Am., 321 Ga. App. 343, 346-47, 740 S.E.2d 434, 436 (2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract); see also Edward v. BAC Home Loans Servicing, L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (citing Montgomery); Coast v. Bank of New York Mellon Trust, N.A., No. 1:13-cv-991-WSD, 2013 WL 5945085, at *4 (N.D. Ga. Nov. 6, 2013) (same); Woodberry v. Bank of Am., N.A., No. 1:11-cv-3637-TWT, 2012 WL 113658, at *2 (N.D. Ga. Jan. 12, 2012) ("Plaintiff does not have standing to challenge the assignment from MERS to BONY because he was not a party to the assignment."). Accordingly, any alleged improper assignment between MERS and Defendant cannot serve as the basis for a declaratory judgment action.[7]

---

[6] Plaintiffs' request for declaratory judgment does not implicate chain of title or other issues of recordation.

[7] Even if Plaintiffs had standing to challenge the assignments, Plaintiffs' claims would still fail. Arguments that assignments are not valid because they are executed

AO 72A
(Rev.8/82)

On a more general basis, in seeking declaratory judgment – an equitable remedy – a plaintiff "must have clean hands." <u>Brantley v. U.S. Bank, NA</u>, No. 1:12-CV-4476-JEC, 2013 WL 5429624, at *5 (N.D. Ga. Sept. 30, 2013) (citing O.C.G.A. § 23-1-10 ("He who would have equity must do equity."). "In the case of mortgages, this requires that the plaintiff seeking [equitable relief] has paid the loan. <u>Brantley</u>, 2013 WL 5429624 at *5 (citing <u>Taylor, Bean & Whitaker Mortg. Corp. v. Brown</u>, 276 Ga. 848, 850, 583 S.E.2d 844 (2003) ("[A] plaintiff may not use equity to obtain the cancellation of a security deed or promissory note if the plaintiff has not paid the note or tendered payment of the note.")); <u>see also</u> <u>Edward</u>, 534 F. App'x at 892 (11th Cir. 2013) ("Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan.") (citing <u>Taylor, Bean & Whitaker Mortg. Corp.</u>, 276 Ga. at 849-50, 583 S.E.2d at 846; <u>Crockett v. Oliver</u>, 218 Ga. 620, 129 S.E.2d 806 (1963)).

Moreover, this tender requirement applies to equitable rescission requests under

---

by MERS have been roundly rejected. <u>See, e.g.</u>, <u>Edward</u>, 2013 WL 4400102, at *2 (plaintiffs, who were not parties to the PSA, lack standing to assert claims based on violation of its terms); <u>Coast</u>, 2013 WL 5945085, at *4 (MERS, robosigner, and PSA arguments all fail); <u>Sutton v. Bank of Am., N.A.</u>, No. 1:11-cv-3765-CAP, 2012 WL 2394533, at *3 (N.D. Ga. Apr. 11, 2012) (MERS' assignment of a security deed "does not . . . have the effect of voiding a transaction under Georgia law."); <u>Alexis v. Mortg. Elec. Registration Sys. Inc.</u>, No. 1:11-cv-01967-RWS, 2012 WL 716161, at *3 (N.D. Ga. Mar. 5, 2012) ("Having expressly authorized MERS' involvement in the transaction and its right to assign the Deed, Plaintiff cannot challenge [assignee's] authority to foreclose on this basis.").

13

TILA as well.  See Webb v. Suntrust Mortgage, Inc., No. 1:10-CV-0307-TWT-CCH, 2010 WL 2950353, at *4 (N.D. Ga. July 1, 2010), report and recommendation adopted, No. 1:10-CV-307-TWT, 2010 WL 2977950 (N.D. Ga. July 23, 2010) ("As laid out . . . in 12 C.F.R. § 226.23(d), the third step in rescission [under TILA] is tender by the creditor of the money or property received in the rescinded transaction.  Here, Plaintiffs have not alleged an intent or an ability to tender the money loaned to them by Defendant[].  Thus, they have not alleged a plausible claim that they are entitled to, or able to complete, rescission under TILA."); Hennington v. Bank of Am., No. 1:10-CV-1350-WSD-JFK, 2010 WL 5860296, at *9 (N.D. Ga. Dec. 21, 2010), report and recommendation adopted, No. 1:10-CV-1350-WSD, 2011 WL 705173 (N.D. Ga. Feb. 18, 2011) (in case requesting equitable relief following an alleged refusal of a rescission request under TILA, holding that a "party seeking rescission must  disgorge the fruits of the bargain in order to ultimately enjoy the benefits of rescission, and that "a complaint must at a minimum sufficiently allege [either] that the plaintiff can and will tender the loan proceeds . . . [or] that the [foreclosure] sale of the property more than satisfied the borrower's obligation such that the lender owes money back to the borrower") (internal citations and quotations omitted).  In the present case, Plaintiffs have not alleged that they tendered the amounts loaned to them and due under the Note, and therefore are not entitled to equitable relief through declaratory judgment under either Georgia law or TILA.

For each of these reasons, Plaintiffs' claim for declaratory judgment should be

AO 72A
(Rev.8/82)

**DISMISSED** (Doc. 20), and Plaintiffs' request for leave to amend and reassert declaratory judgment claim is **DENIED** (Doc. 31).

### III.   Plaintiffs' Section 1635 TILA Claim

TILA is a consumer protection statute that was created "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). In addition to empowering the Federal Trade Commission to enforce its provisions, 15 U.S.C. § 1607(c), and imposing criminal liability for willful and knowing violations of the statute, 15 U.S.C. § 1611, TILA creates a private cause of action for actual and statutory damages for certain disclosure violations, 15 U.S.C. § 1640(a). TILA has a strong remedial purposes and the Eleventh Circuit has provided "continual admonitions" to construe the statute "liberally in the consumer's favor." Bragg v. Bill Heard Chevrolet, Inc., 374 F.3d 1060, 1068 (11th Cir. 2004).

Among other things, TILA requires creditors to provide borrowers with certain disclosures regarding finance charges, interest rates, and borrower's rights. See 15 U.S.C. §§ 1631, 1632, 1635, 1637, 1638; Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). If a creditor fails to make a required disclosure, the borrower may sue for statutory and actual damages within one year of the violation. 15 U.S.C. § 1640(e). In addition to providing a right to damages, TILA also permits a borrower whose loan is

15

secured by a "principal dwelling" to rescind the loan transaction entirely until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms containing the required material disclosures, whichever is later.  15 U.S.C. § 1635(a); Velardo v. Freemont Inv. Co., 298 F. App'x 890, 892 (11th Cir. 2008); Sueiro v. Countrywide Home Loans, Inc., No. 09-21436-CIV, 2009 WL 2915781, at *3-4 (S.D. Fla. Sept. 11, 2009).  If the lender fails to deliver the appropriate forms and disclosures pursuant to 15 U.S.C. § 1635(f), the borrower's right of rescission lasts three years after consummation of the transaction (or upon sale of the property, whichever comes first).  See 15 U.S.C. § 1635(f).

Plaintiffs first assert a claim under Section 1635 of TILA for damages from Defendant's failure to rescind the loan upon a valid request.  The parties agree that Section 1635 provides borrowers with a right to rescind loans within three days following the consummation of the transaction or delivery of the disclosure forms, assuming notice of the right is provided at that time; or within three years after the consummation, if the creditor fails to provide notice of the right to rescind.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23.  Plaintiffs contend that their rescission request was timely, even though it was made more than three days following the loan consummation. Conversely, Defendant argues Plaintiffs must affirmatively allege Defendant failed to provided Plaintiffs with the required notices related to rescission.  For the purposes of the present Motion to Dismiss and Motion to Amend, Plaintiffs have alleged facts supporting the timeliness of the rescission request, and by implication, have supported

16

the implication that they were not provided with notice of their rights that would require rescission within three days.

However, under Section 1640(e) of TILA, "all TILA claims must be brought 'within one year from the date of the occurrence of the violation.'" Velardo v. Fremont Inv. & Loan, 298 F. App'x 890, 892 (11th Cir. 2008) (citing 15 U.S.C. § 1640(e)). Plaintiffs clearly allege that their rescission request was made in February 2011 or February 2012, well over a year before their complaint was filed. (Am. Compl. ¶ 23; Sec. Am. Compl. ¶ 28). While Plaintiffs' have generally requested the application of equitable tolling to all of their claims in their Amended Complaint, they assert no factual allegations in support. "Equitable tolling is 'an extraordinary remedy which should be extended only sparingly,' and '[t]he burden is on the plaintiff to show that equitable tolling is warranted.'" Lefont v. SunTrust Mortgage, Inc., No. 2:10-CV-036-RWS-SSC, 2011 WL 679426, at *5-6 (N.D. Ga. Jan. 27, 2011), report and recommendation adopted, No. 2:10-CV-000036-RWS, 2011 WL 674749 (N.D. Ga. Feb. 16, 2011) (quoting Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993)). In order to qualify for equitable tolling, a plaintiff must show that "(1) [the defendant] engaged in a course of conduct designed to conceal evidence of [its] alleged wrongdoing; (2) plaintiff [was] not on actual or constructive notice of that evidence; and (3) plaintiff[] exercised due diligence." Lefont, 2011 WL 679426, at *6 (citing Bryant v. Mortg. Capital Res. Corp., 197 F. Supp. 2d 1357, 1367 (N.D. Ga. 2002)). Here, Plaintiffs have not alleged any facts in support of their conclusory petition for equitable tolling to apply, and therefore have not met

their pleading burden.  Accordingly, Plaintiffs' Section 1635 claim relating to rescission of the loan should be **DISMISSED**, and Plaintiffs' request for leave to amend or reassert is **DENIED**.[8]

## IV.    Plaintiffs' Section 1641 TILA Claims

Plaintiffs assert two claims under Section 1641 of TILA.  First, Plaintiffs allege a claim pursuant to Section 1641(f)(2) of TILA, which provides: "Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."  Plaintiffs allege Defendant violated Section 1641(f)(2) by failing to respond to their written requests for such information.  (Am. Compl. ¶¶ 35, 37-39; Sec. Am. Compl. ¶¶ 38, 40-42).  Defendant does not appear to directly challenge this claim in either the Amended Complaint or the proposed Second Amended Complaint.  (See Docs. 22, 36).  However, Plaintiffs clearly allege that their request was made in either February 2011, and Defendant does challenge the timeliness of Plaintiffs' claims.  (Am. Compl. ¶ 37; Sec. Am. Compl. ¶¶ 40).  As discussed above, Section 1640(e) of TILA requires that all claims be brought within one year of the violation, and "[n]ondisclosure is not a continuing violation for purposes of the statute of limitations.  <u>Velardo</u>, 298 F. App'x at 892 (citing <u>In re Smith (Smith v. American Fin. Sys., Inc.)</u>, 737 F.2d 1549, 1552 (11th Cir. 1984)).  Although the limitations period may

---

[8] It is possible that Plaintiffs could assert factual allegations to support equitable tolling; therefore Plaintiffs' claim premised upon Defendant's failure to rescind the loan should be **DISMISSED WITHOUT PREJUDICE**.

18

be subject to equitable tolling, courts have denied equitable tolling:

> Where a plaintiff relies . . . on the same allegations of fraud which constitute
> the TILA violation (such as failing to disclose certain finance charges) to
> prove fraudulent concealment' because 'if failure to make TILA disclosures
> also tolled the limitations period for pursuing TILA claims, then the statute
> of limitations would be rendered meaningless because those nondisclosures
> are the very essence of a TILA violation in the first place.

Carrillo v. Bank of N.Y, No. 09-61642-CIV, 2009 WL 5708925, at *3 (S.D. Fla. Dec.

20, 2009) (citing Grinke v. Countrywide Home Loans, Inc., No. 08-23383-CIV, 2009

WL 2588746, at *2 (S.D. Fla. Aug. 24, 2009)). Here, Defendants' alleged failure to

respond occurred several years before the lawsuit was filed, and Plaintiffs have asserted

no additional allegations to warrant equitable tolling; to the contrary, Plaintiffs

allegations make clear that they are well aware that they received no response to their

request. Accordingly, Plaintiffs' claim under Section 1641(f)(2) should be

**DISMISSED**, and Plaintiffs' request for leave to reassert it is **DENIED**.

Plaintiffs' second claim pursuant to Section 1641(g) of TILA, alleging failure to

disclose the transfer of the loan between MERS and Defendant, is also subject to

dismissal. That disclosure requirement is exempted when the transfer is for

"administrative convenience of the servicer in servicing the obligation," which includes

the assignment of a deed for the purposes of foreclosure, which the Amended Complaint

and Second Amended Complaint make clear occurred in this case. Reed v. Chase Home

Fin., LLC, 723 F.3d 1301, 1303 (11th Cir. 2013) (citing Sections 1641(g) & (f)(2)); (see

also Am. Compl. ¶ 17; Sec. Am. Compl. ¶¶ 18-19). This is particularly true of

assignments between lenders and MERS, and courts have consistently held that such

transfers do not trigger the notice requirements of Section 1641(g) of TILA. See Giles v. Wells Fargo Bank, N.A., 519 F. App'x 576, 578 (11th Cir. 2013); Reed 723 F.3d at 1303. Accordingly, Plaintiffs' TILA claim related to Defendant's failure to notify them of the transfer of the loan from MERS should be **DISMISSED** and Plaintiffs' motion for leave to amend or reassert the claim is **DENIED**.[9]

## V.    Plaintiffs' Proposed Fraud Claim

Plaintiffs finally seeks to assert claims for "fraud, intentional misrepresentation and deceit." (See Sec. Am. Compl. Count IV). Federal Rule of Civil Procedure 9 requires that Plaintiffs' fraud claims be described with particularity and include the "who, what, when, and where of the fraud." Fed. R. Civ. P. 9; Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291-92 (11th Cir. 2010) (noting that all averments of fraud must be stated with particularity and include (1) the precise statements, documents, or misrepresentations made, (2) the time, place, and person responsible for the statement, (3) the content and manner in which these statements misled the plaintiffs, and (4) what the defendants gained by the alleged fraud); Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 638 (11th Cir. 2010) (holding that plaintiff who pled that defendant fraudulently changed the terms of his promissory note failed to adequately plead fraud

---

[9] Should Plaintiffs seek to assert allegations that the transfer of the Deed from MERS to Defendant was not for the administrative convenience of foreclosing on the property, the claim might be salvaged, as it would have been originally asserted within the one-year statutory limitation. Accordingly, Plaintiffs' claim premised upon Defendant's failure to notify them of the transfer should be **DISMISSED WITHOUT PREJUDICE**.

20

claim because he did not identify specific statements made by the defendants); <u>Serefex Corp. v. Hickman Holdings, LP</u>, 695 F. Supp. 2d 1331, 1342 (M.D. Fla. 2010) (dismissing fraud claim because plaintiff failed to plead the "who, what, when, where, and how" of the fraud).

Here, Plaintiffs aver generally that Defendants committed fraud by accepting mortgage payments, which amounted to "assert[ing] that it was the secured creditor associated with the [mortgage loan] account." (Sec. Am. Compl. ¶ 47). Even crediting this contention,[10] Plaintiffs failed to allege specific facts showing the who, what, where, and when of any fraud or misrepresentation or what specific damages resulted from such fraud.[11] Plaintiffs also failed to identify the precise fraudulent statements, fraudulent documents or misrepresentations made, the time, place and persons responsible for the fraudulent statements or documents, or the content and manner in which the Plaintiffs were misled. Thus, Plaintiffs' fraud claims fail to state a claim under Rule and should be **DISMISSED**.[12] Accordingly, Plaintiff's request for leave to amend is **DENIED**.

## CONCLUSION

---

[10] That is, crediting first, that Defendant was not a secured creditor despite being the holder of the Note and Deed, and second, that accepting payments amounted to an affirmative statement.

[11] Plaintiffs allege that they were damaged by making mortgage payments on the loan, but do not contend that they would not have been otherwise obligated to make those payments under the terms of the Note to some party. (Sec. Am. Compl. ¶ 41).

[12] Again, it is conceivable that the Plaintiffs could allege fraud with sufficient particularity to assert a viable claim for relief. Accordingly, Plaintiffs' motion should be **DENIED WITHOUT PREJUDICE** as to their fraud claim.

AO 72A
(Rev.8/82)

Based on each of the reasons outlined above, this Court **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings be **GRANTED** and Plaintiffs claims **DISMISSED**.[13] (Doc. 22). Specifically, this Court **RECOMMENDS** that Plaintiffs' claim for declaratory judgment be **DISMISSED WITH PREJUDICE**, and that Plaintiffs' claims for violations of TILA and for fraud be **DISMISSED WITHOUT PREJUDICE**. (Doc. 22). Additionally, Plaintiffs' Motion to Amend is **DENIED**. (Doc. 31). As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

    **SO ORDERED and REPORTED AND RECOMMENDED**, this   29   day of January, 2016.

                        /s/LINDA T. WALKER
                        LINDA T. WALKER
                        UNITED STATES MAGISTRATE JUDGE

---

[13] This case does not present appropriate circumstances for offering Plaintiffs a third opportunity to amend their complaint. Where it appears that a more carefully drafted complaint might state a claim, plaintiffs may be given a least one opportunity to amend the complaint before the court dismisses the action. De Souza v. JPMorgan Chase Home Lending Div., 608 F. App'x 776, 781 (11th Cir. 2015) (citing Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, the district court need not grant leave to amend "where amendment would be futile." Id.; see also Carvel v. Godley, 404 F. App'x 359, 360 (11th Cir. 2010) ("repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, and futility of the amendment can justify dismissal with prejudice.")

AO 72A
(Rev.8/82)